IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY L. WILSON, A82195, | ) ) ) |
| Plaintiff, | ) ) Case No. 23-cv-106-RJD |
| vs. | ) ) ) |
| PATRICK A. RIGGS, | ) ) |
| Defendant. | ) ) |

# ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant's Motion to Withdraw Affirmative Defense for Failure to Exhaust Administrative Remedies (Doc. 21) and Plaintiff's various motions (Docs. 23, 24, and 25). For the reasons set forth below, Defendant's Motion to Withdraw Affirmative Defense for Failure to Exhaust Administrative Remedies (Doc. 21) is GRANTED. Plaintiff's Motion for Summary Judgment (Doc. 23) is DENIED as moot. Plaintiff's Motions for Recruitment of Counsel (Doc. 24) is DENIED without prejudice, and Plaintiff's Motion for Status (Doc. 25) is GRANTED.

**Defendant's Motion to Withdraw Affirmative Defense of Failure to Exhaust Administrative Remedies (Doc. 21) and Plaintiff's Motion for Summary Judgment (Doc. 23)**

Plaintiff, Johnny L. Wilson, is an inmate of the Illinois Department of Corrections (IDOC), currently detained at Pinckneyville Correctional Center. Plaintiff filed this suit alleging that, while being detained at Lawrence Correctional Center, Defendant Patrick Riggs slammed a door on him causing serious injuries, and others failed to respond to the situation. (Doc. 1). After a threshold

review of the complaint pursuant to 28 U.S.C. § 1915, Plaintiff was allowed to proceed on a single Eighth Amendment claim of excessive force against Defendant Riggs. (*Id.*). Defendant Riggs filed an answer to the complaint in which he raised the affirmative defense of exhaustion of administrative remedies. (Doc. 17). The Court then entered an Initial Scheduling Order directing Defendant to either file a motion on the issue of exhaustion of administrative remedies or withdraw said affirmative defense by September 12, 2023. (Doc. 19). Defendant timely filed a motion withdrawing the affirmative defense of failure to exhaust administrative remedies. (Doc. 21). Thereafter, Plaintiff filed a motion for summary judgment on the issue of exhaustion of administrative remedies. (Doc. 23). Because Defendant timely filed his motion to withdraw the affirmative defense of exhaustion of administrative remedies in compliance with this Court's Initial Scheduling Order, his motion is **GRANTED**. Accordingly, the issue of exhaustion of administrative remedies is resolved, and Plaintiff's motion for summary judgment on that issue is **DENIED** as moot.

**Motion for Recruitment of Counsel (Doc. 24)**

Plaintiff filed his second Motion for Recruitment of Counsel. (*See* Doc. 24 & Doc. 3). When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

First, the Court notes that Plaintiff attached to the complaint three letters to Loevy and Loevy demonstrating his reasonable attempts to recruit counsel on his own. (Doc. 1, pp. 23-25). Turning to the second prong of the test, Plaintiff's pleadings to date demonstrate an ability to articulate clearly and effectively and communicate with the Court. (*See* Doc. 1, Doc. 22, Doc. 23, and Doc. 25). As noted concerning Plaintiff's first motion for recruitment of counsel, Plaintiff's complaint is comprehensible, and he included documents that appear to be relevant to his claims. (Doc.

1). Further, Plaintiff proceeds on an Eighth Amendment claim of excessive force against a single Defendant, which does not appear to be particularly complex. As such, there is no indication that Plaintiff is not competent to litigate this fairly straightforward matter. Because Plaintiff's circumstances do not warrant the recruitment of counsel at this time, Plaintiff's Motion for Recruitment of Counsel (Doc. 24) is **DENIED** without prejudice.

**Motion for Status (Doc. 25)**

Plaintiff filed a motion seeking to be advised on the status of this case. Plaintiff's Motion for Status (Doc. 25) is **GRANTED**. The Clerk of Court is **DIRECTED** to send Plaintiff a copy of this Order.

### Conclusion

For these reasons, Defendant's Motion to Withdraw Affirmative Defense for Failure to Exhaust Administrative Remedies (Doc. 21) is **GRANTED**. Plaintiff's Motion for Summary Judgment (Doc. 23) is **DENIED** as moot. Plaintiff's Motions for Recruitment of Counsel (Doc. 24) is **DENIED** without prejudice, and Plaintiff's Motion for Status (Doc. 25) is **GRANTED**. The Clerk of Court is **DIRECTED** to send Plaintiff a copy of this Order.

**IT IS SO ORDERED.**

**DATED: January 31, 2024**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**